**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MAURICE GREEN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:03CV1774CAS(LMB)** |
| | ) | |
| **JIM MOORE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the petition of Maurice Green for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). There are two motions currently pending before the court. Petitioner has filed a request for an evidentiary hearing (Document Number 16) and a Motion for Appointment of Counsel (Doc. No. 17).

**Procedural History**

Petitioner is presently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri, pursuant to the sentence and judgment of the Circuit Court of the County of St. Louis, Missouri. See Respondent's Exhibit A. Petitioner pled guilty to one count of second-degree drug trafficking and was sentenced to fifteen years imprisonment. See id.

**Discussion**

**A.    Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

(d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts."  529 U.S. at 405, 120 S.Ct. at 1519.  Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case."  <u>Id.</u>  Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  <u>Id.</u> at 410, 120 S.Ct. at 1521.  Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law."  <u>Id.</u> at 410, 120 S.Ct. at 1522.

## B.    <u>Petitioner's Claims</u>

Petitioner raises two grounds for relief.  In his first ground for relief, petitioner claims that

the trial court erred in forfeiting the currency in his case because there was not substantial evidence to support the decision. In his second ground for relief, petitioner argues that the trial court erred in taking judicial notice of <u>State v. Leola Meeks</u> in the forfeiture proceeding. In both of petitioner's grounds for relief, petitioner challenges the trial court's forfeiture of currency as proceeds of the drug trafficking, pursuant to the Criminal Activity Forfeiture Act ("CAFA"), 513.600 RSMo (2000).

"A petition for a writ of habeas corpus must allege that the petitioner 'is in custody in violation of the Constitution or laws or treaties of the United States.'" <u>Jones v. Jerrison</u>, 20 F.3d 849, 853 (8th Cir. 1994) (quoting 28 U.S.C. § 2254 (a)). Petitions by pro se petitioners should be interpreted liberally and "'construed to encompass any allegation stating federal relief." <u>Id.</u> (quoting <u>White v. Wyrick</u>, 530 F.2d 818, 819 (8th Cir. 1976)). A district court must analyze all alleged facts to determine whether they state a federal claim. <u>See</u> <u>id</u>.

In the instant case, petitioner does not allege that he is in custody in violation of his constitutional rights. Rather, petitioner challenges only the state civil forfeiture proceeding. Thus, petitioner's claims are not cognizable in a federal habeas corpus action.

Accordingly, the undersigned recommends that petitioner's grounds for relief be denied.

**C.    <u>Request for Evidentiary Hearing</u>**

A federal habeas petitioner's right to an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2). This provision provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B)   the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

The Supreme Court addressed § 2254(e)(2) in Williams v. Taylor, 529 U.S. 420, 120 S. Ct. 1479, 146 L.Ed.2d 435 (2000).  In Williams, the Court construed the phrase "failed to develop the factual basis of a claim in State court proceedings" and determined that the phrase means lack of diligence on the part of the petitioner.  See Williams, 529 U.S. at 430, 120 S.Ct. at 1487. Specifically, the Court held:  "Under the opening clause of  2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."  Id. at 432, 120 S.Ct. at 1488.  Furthermore, the Court reasoned that  "[t]he question is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts.  The purpose of the fault component of 'failed' is to ensure the prisoner undertakes his own diligent search for evidence."  Id. at 435, 120 S.Ct.  at 1490.  To satisfy the diligence requirement, a petitioner "at a minimum [must] seek an evidentiary hearing in state court in the manner prescribed by state law."  Id. at 437, 120 S.Ct. at 1490.

The diligence requirement exists to preserve comity between the State and Federal courts. "Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim

and provide any necessary relief." Id. at 437, 120 S.Ct. at 1490-91 (quoting O'Sullivan v. Boerkel, 526 U.S. 838, 844, 119 S. Ct. 1728, 1732, 144 L.Ed.2d 1 (1999)). In this regard, the Supreme Court in Williams explained:

> For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met. Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings. Yet comity is not served by saying a prisoner 'has failed to develop the factual basis of a claim' where he was unable to develop his claim in state court despite diligent effort. In that circumstance, an evidentiary hearing is not barred by § 2254(e)(2).

Id. at 437, 120 S.Ct. at 1491.

The court finds that an evidentiary hearing in this matter is not warranted. In his motion, petitioner does not assert any reasons why an evidentiary hearing in this action is needed. Further, the undersigned has determined that plaintiff fails to state a cognizable claim in a federal habeas corpus action. Thus, it is the court's judgment that granting an evidentiary hearing in this case "would not assist in the resolution of [petitioner's] claim[s]." Johnston v. Luebbers, 288 F.3d 1048, 1059 (8th Cir. 2002) (quoting Breedlove v. Moore, 279 F.3d 952, 960 (11th Cir. 2002)).

## D.    Motion for Appointment of Counsel

Petitioner has also filed a motion for the appointment of counsel. Habeas proceedings are civil in nature, and, thus, habeas petitioners have no Sixth Amendment right to counsel. Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994); McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) ("[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings."). Section 2254 provides as follows with regard to the appointment of counsel:

> (h)  Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review,

the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

28 U.S.C. § 2254(h).

A magistrate judge or district judge may appoint counsel for a habeas petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Except when an evidentiary hearing is held, the court may use its discretion in deciding whether to appoint counsel. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994), cert. denied, 513 U.S. 857, 115 S.Ct. 163, 130 L.Ed.2d 101 (1994). To determine whether appointment of counsel is warranted, the court should examine the nature of the litigation, the litigant's ability to do research and present his claims, and the complexity of the issues. See id.; McCall, 114 F.3d at 756.

The court finds that the interests of justice do not require the appointment of counsel. Thus, petitioner's motion for appointment of counsel will be denied.

**E.     Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## ORDER

**IT IS HEREBY ORDERED** that petitioner's Request for an Evidentiary Hearing (Doc. No. 16) be and it is **denied**.

**IT IS FURTHER ORDERED** that petitioner's Motion for Appointment of Counsel (Doc. No. 17) be and it is **denied**.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Maurice Green for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied.**

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised that they have eleven (11) days, until September 4, 2006, to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this 22nd day of August, 2006.

_Lewis M. Blanton_
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE